THE STATE, EX REL. HENRY, APPELLANT, *v.* GROSSMANN, JUDGE, APPELLEE.

[Cite as State, ex rel. Henry, *v.* Grossmann (1983), 5 Ohio St. 3d 235.]

(No. 82-1697—Decided July 6, 1983.)

*Mr. James Andrew Rader,* for appellant.

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. James W. Harper,* for appellee.

*Per Curiam.* It is well-established that a writ of mandamus will lie only where there is a clear legal right to the relief prayed for, a clear legal duty to perform the requested act, and no adequate remedy at law. *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41, 42 [8 O.O.3d 36]. Appellant argues that the rule in *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6 [15 O.O.3d 3], establishes her right to a transcript at public expense and, consequently, appellee's duty to grant her the same.

In *Heller* this court said that indigent parents must be provided with a transcript at public expense for appeals in actions instituted by the state to terminate parental rights. We further stated that "* * * [w]e do not require the courts to aid all who claim to be indigent; a court can, in appropriate cases, find that the parents are not indigent. * * *" *Heller, supra,* at 13. One's right to a transcript hinges on one's status as an indigent.

Appellee contends that appellant, together with the additional parties, when moving for a transcript in the trial court, did not demonstrate their indigency and therefore did not fall under the rule set forth in *Heller.* Appellant argues that she would have been considered indigent but for her aunts' offer to provide financial aid, which they had no legal obligation to provide. The record reveals, however, that appellant was not merely given financial aid by her aunts toward the prosecution of her appeal, but also was joined by them such that they became parties to the appeal. The motion was denied because the moving parties were found to have adequate financial means to obtain the transcript. This comports with the rule in *Heller.*

Appellant has failed to show that she had a clear legal right to the relief prayed for or that appellee had a clear legal duty to perform the requested act. The judgment of the court of appeals is accordingly affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.