THE STATE EX REL. HOWARD, APPELLANT, *v.* FERRERI, JUDGE, APPELLEE.

[Cite as *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587.]

(No. 94–516—Submitted July 27, 1994—Decided October 19, 1994.)

*Michael D. Slodov,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Carol Shockley,* Assistant Prosecuting Attorney, for appellee.

[Cite as *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587.]

(No. 94–108—Submitted August 17, 1994—Decided October 19, 1994.)

*Michael D. Slodov,* for relator.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Carol Shockley,* Assistant Prosecuting Attorney, for respondents.

*Per Curiam.* In order to be entitled to a writ of mandamus, the relator must establish that he has a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act and that relator has no plain and adequate remedy at law. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150, 152; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Howard initially requests a complete copy of the transcripts in case Nos. 9311338 and 9315631. "In actions instituted by the state to force the permanent, involuntary termination of parental rights, the United States and Ohio Constitutions' guarantees of due process and equal protection of the law require that indigent parents be provided with counsel and a transcript at public expense for appeals as of right." *State ex rel. Heller v. Miller* (1980), 61 Ohio St.2d 6, 15 O.O.3d 3, 399 N.E.2d 66, paragraph two of the syllabus; cf. 2 Carr & Young, Anderson's Ohio Family Law (2 Ed.1989) 371, Section 22.4 ("[t]o effectuate fully

the principles on which *Heller* is based, the rights to a free transcript and appointed counsel should be extended to all appeals by indigents").

Juv.R. 37(A) requires a complete record of all juvenile court hearings upon request of a party or upon the court's own motion. Similarly, R.C. 2151.35(A) requires a record of all testimony and other oral proceedings in permanent custody actions. Both case Nos. 9311338 and 9315631 were permanent custody actions, and the record indicates that the court ordered the transcription of the proceedings in case No. 9311338.

Respondents refused Howard's attorney's written request for a file-stamped copy of the transcripts in case No. 9311338 on the basis of an affidavit of prejudice filed by Slodov in case No. 9315631 and a motion to compel. However, at the time this complaint was filed, the motion to compel had been withdrawn. Moreover, the affidavit of prejudice did not involve case No. 9311338 and the Chief Justice subsequently overruled Slodov's motion to disqualify Judge Ferreri. Filing of transcripts and providing copies to indigent parents in appeals of right from permanent custody proceedings are ministerial duties, which respondents could have performed notwithstanding any pending affidavit of disqualification. See, *e.g., Evans v. Dayton Newspapers, Inc.* (1989), 57 Ohio App.3d 57, 566 N.E.2d 704. Therefore, respondents' stated rationale for refusing Slodov's written request was without merit.

Judge Ferreri claims in respondents' answer that there were "unresolved issues regarding Relator's claim of indigency" which preclude mandamus relief. The right to a free transcript pursuant to *Heller* hinges on the parent's indigency status; thus, a request for a transcript at state expense may be properly denied where the juvenile court finds that the party has adequate financial means to obtain the transcript. *State ex rel. Henry v. Grossmann* (1983), 5 Ohio St.3d 235, 5 OBR 496, 450 N.E.2d 1156. During the proceedings in case No. 9311338, Judge Ferreri granted Howard's motion for a transcript of the hearings and advised Slodov that he would be provided a copy of the transcript at the court's expense. Additionally, Howard's uncontroverted affidavit indicates that he is unemployed and has no assets. Where the moving party has produced sufficient supportive evidence on a summary judgment motion, the opposing party may not rest upon mere allegations in the pleadings but must respond with affidavits or other appropriate materials to show that there is a genuine issue of fact for trial. Civ.R. 56(E); *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 567 N.E.2d 1027. Howard has established his indigency with his summary judgment evidence. Moreover, it is manifest that respondents recognized Slodov as Howard's appointed counsel in case No. 9311338.

Although respondents do not raise the argument, Howard must establish that the permanent custody proceedings instituted by CSS were in effect "instituted

by the state" for constitutional due process purposes in order to establish a clear legal right to the transcripts pursuant to *Heller.* For example, since the right to a transcript under *Heller* applies only to state-instituted permanent custody cases, an indigent, noncustodial parent is not entitled to a transcript where temporary custody is given to the other parent. Kurtz & Giannelli, Ohio Juvenile Law (2 Ed.1989) 221, Section T 15.02, citing *In re Alexander* (Dec. 28, 1982), Huron App. No. H–82–23, unreported.

Most of the protections for individual rights and liberties contained in the United States and Ohio Constitutions apply only to actions of governmental entities; thus, in order to apply, *e.g.,* the due process right to a *Heller* transcript to the actions of private entities like CSS, there must be a determination of whether the agency's actions in seeking permanent custody of Howard's daughter constituted state action of a type regulated by constitutional provisions. See, generally, 2 Rotunda & Nowak, Treatise on Constitutional Law (2 Ed.1992) 523–524, Section 16.1(a).

The first inquiry is whether the claimed constitutional deprivation has resulted from the exercise of a right or privilege having its source in state authority. *Georgia v. McCollum* (1992), 505 U.S. ——, 112 S.Ct. 2348, 120 L.Ed.2d 33. CSS is a "private child placing agency" as defined in R.C. 2151.011(B)(8) and 5103.02. CSS requested permanent custody of Mary Beth pursuant to R.C. 2151.353(A)(4), which allows an award of permanent custody of a child to a public children services agency or private child placing agency, if the juvenile court determines that the child cannot be placed with one of his parents within a reasonable time or should not be placed with either parent and additionally determines that the permanent commitment is in the best interest of the child. Since CSS's right to institute the permanent custody proceedings is derived from R.C. 2151.353(A)(4), the first portion of the state action test is satisfied.

The second inquiry is whether the private party charged with the deprivation can be described as a state actor. *McCollum, supra.* In resolving the issue, the following three principles must be considered: "the extent to which the actor relies on governmental assistance and benefits, * * * whether the actor is performing a traditional governmental function, * * * and whether the injury caused is aggravated in a unique way by the incidents of governmental authority." *Edmonson v. Leesville Concrete Co.* (1991), 500 U.S. 614, 621–622, 111 S.Ct. 2077, 2083, 114 L.Ed.2d 660, 674; see, also, *Lugar v. Edmondson Oil Co.* (1982), 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482.

While here there is no indication of the extent to which CSS relies on assistance from the state of Ohio, CSS is required to be certified under R.C. 5103.03 to 5103.05 and is governed by various administrative rules set forth in Ohio Administrative Code Chapter 5101:2–5. The acceptance, custody, and

placement of dependent, abused, or neglected children by CSS is a traditional governmental function that is subject to a comprehensive regulatory scheme promulgated by the state. See, *e.g., Perez v. Sugarman* (C.A.2, 1974), 499 F.2d 761 (private entities which accept and retain neglected or abused children act under color of state law for purposes of Section 1983 federal civil rights actions); *Cecere v. City of New York* (July 12, 1991), S.D.N.Y. No. 88 Civ. 1948, unreported, 1991 WL 136026. In that CSS satisfies the state action test, its permanent custody actions were in effect "instituted by the state" for purposes of applying *Heller.*

Therefore, under *Heller,* the summary judgment evidence indicates that Howard has established a clear legal right to the transcripts in case No. 9311338 and a clear legal duty on the part of respondents, particularly Judge Ferreri, to provide a file-stamped copy to him. However, as to the transcripts in case No. 9315631, *Heller* requires an appeal. There is no evidence in the record either that case No. 9315631 has concluded or that an appeal as of right has been filed. See *State ex rel. Copeland v. Judges of the Court of Appeals of the Third Appellate Dist.* (1981), 67 Ohio St.2d 1, 5, 21 O.O.3d 1, 3, 424 N.E.2d 279, 282 (an actual appeal must be pending before a transcript will be provided). Therefore, Howard is not entitled to copies of the transcripts in case No. 9315631.

With regard to the transcripts in case No. 9311338, Howard must also establish the absence of an adequate legal remedy because a writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of law. R.C. 2731.05. In order for there to be an adequate remedy at law, the remedy must be complete, beneficial, and speedy. *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 328, 603 N.E.2d 1005, 1009. In general, parties have an adequate remedy in the ordinary course of law to correct trial court records, *i.e.,* transcripts, through App.R. 9(E). *State ex rel. Hill v. Niehaus* (1994), 68 Ohio St.3d 507, 628 N.E.2d 1376; *State ex rel. Motley v. Capers* (1986), 23 Ohio St.3d 56, 23 OBR 130, 491 N.E.2d 311; *State ex rel. Ellison v. Dresbach* (1983), 6 Ohio St.3d 19, 6 OBR 16, 450 N.E.2d 1174.

Nevertheless, there are some limited instances where mandamus is appropriate to provide a complete transcript of proceedings or to correct the record. See, *e.g., State ex rel. Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 551 N.E.2d 183; *State ex rel. Spirko v. Judges of the Court of Appeals, Third Appellate Dist.* (1986), 27 Ohio St.3d 13, 27 OBR 432, 501 N.E.2d 625; cf. *State ex rel. Cody v. Toner* (1983), 8 Ohio St.3d 22, 8 OBR 255, 456 N.E.2d 813. In the case at bar, unlike *Hill, Motley,* or *Ellison,* Howard has established a clear legal right to a copy of the complete transcript of the proceedings in case No. 9311338. Further, it is uncontroverted that Judge Ferreri ordered the transcripts and then kept the

finished original and copies, refusing to release any of them to Howard or his counsel for reasons which have previously been found to be without merit.

Although mandamus is generally not a proper method to correct alleged errors in the record, mandamus may be appropriate to compel the trial court to act if it refuses to do so. *State ex rel. Wright v. Cohen* (1962), 174 Ohio St. 47, 21 O.O.2d 294, 186 N.E.2d 618 (mandamus is the proper remedy to enforce the right of an indigent to a copy of the transcript for the purpose of preparing appeal where the request for transcript has been denied by the court); *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 11 OBR 166, 463 N.E.2d 417; Whiteside, Ohio Appellate Practice (1993) 56, Section T 4.07(D) (mandamus or procedendo appropriate to compel trial court to correct errors in record if court refuses to do so). We hold that the App.R. 9 remedy is inadequate where respondents so clearly violated Howard's right to a copy of the transcript and did not provide even an incomplete version of the transcript until after Howard instituted this mandamus action. Respondents failed to respond to either Howard's summary judgment motion or his subsequent notice indicating that only an incomplete transcript had been filed.

Howard has a pending appeal in case No. 9311338. By compelling a complete transcript in that case, this court can ensure a meaningful appeal, since Howard contends that Judge Ferreri's assertion that Howard testified that he was not presently able to care for Mary Beth was not supported by the record. See, *e.g., Howard v. Catholic Soc. Serv.,* 70 Ohio St.3d at 142, 637 N.E.2d at 892. Howard has established an unrebutted colorable need for the transcript. *Copeland, supra.* Consequently, he is entitled to a writ of mandamus compelling the provision of a file-stamped copy of the complete transcript of proceedings in case No. 9311338 for purposes of his pending appeal from the dismissal without prejudice entered in that case.

Howard also seeks a writ of mandamus ordering respondents to provide access to the case files in case Nos. 9311338 and 9315631. R.C. 2151.18(A) provides that the "juvenile court shall maintain records of all official cases brought before it" and that the "parents of any child affected * * * may inspect these records, either in person or by counsel during the hours in which the court is open." Judge Ferreri has conceded denying access to the file in case No. 9311338. Further, respondents failed to deny the allegation in Howard's complaint that they denied access to Slodov of the file in case No. 9315631 and that this denial was in violation of R.C. 2151.18(A). Allegations contained in a complaint other than those as to the amount of damage are admitted when not denied in the answer. Civ.R. 8(D). Therefore, Howard has established a clear legal right to access to the files in both case Nos. 9311338 and 9315631, a corresponding clear

legal duty on the part of respondents to provide access, and the lack of any adequate legal remedy given the juvenile court's refusal to provide access.

Accordingly, for the foregoing reasons, we grant Howard's motion for summary judgment and issue a writ of mandamus compelling respondents to provide him with a complete copy of the transcript of proceedings in case No. 9311338, and further compelling respondents to provide him with access to the juvenile court case files in case Nos. 9311338 and 9315631. We deny Howard's motion for summary judgment and writ of mandamus and deny relief on the merits as to his claim for a copy of the transcript of proceedings in case No. 9315631.

*Writ granted in part
and denied in part.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in judgment only.