Plaintiffs-appellants, James L. Brewer Jr. and Regina Brewer, as parent and next friend of Marque L. Brewer and Tina Brewer, have appealed the order of the Summit County Court of Common Pleas that granted summary judgment in favor of Defendant-appellee, Akron General Medical Center. We reverse.
 I.
On April 14, 1986, James L. Brewer Sr. died while hospitalized at Akron General Medical Center. Ms. Brewer, as administratrix of the estate, brought a wrongful death action against Akron General on behalf of herself and Mr. Brewer's minor children as beneficiaries of the estate. Ms. Brewer reached a settlement agreement with Akron General, and on June 25, 1992, the probate court approved the settlement and the distribution of the proceeds among the beneficiaries. The settlement agreement also contained a release clause, under which Ms. Brewer agreed on behalf of herself, "[her] heirs, executors, administrators, successors[,] and assigns, [to] remise, release[,] and forever discharge Akron General Medical Center" from all present and future causes of action.
On January 21, 1997, Appellants filed a loss of parental consortium claim against Akron General. Akron General moved for summary judgment, arguing that the settlement agreement barred any and all claims by Ms. Brewer and the children. Appellants responded, and on April 3, 1998, the trial court granted summary judgment in favor of Akron General. Appellants timely appealed.
 II.
Appellants' assignment of error appears to be that the trial court erred in granting summary judgment in favor of Akron General because Akron General was not entitled to judgment as a matter of law.[1] Specifically, they have argued that the release executed by Ms. Brewer does not bar loss of parental consortium claims by the children because these claims were not permitted under Ohio law at the time of the release.
Summary judgment is appropriate when:
 (1) no genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. The facts underlying this appeal are not disputed. Rather, the parties disagree about whether the Appellants' claims are barred as a matter of law by the prior release.
The settlement agreement purports to release Akron General from all claims by Ms. Brewer, as administratrix of her husband's estate, brought by her or her "heirs, executors, administrators, successors and assigns[.]" Although this language is broad, it does not, by its terms, purport to release any claims other than those of Ms. Brewer and those claiming through her. Intent to release the children's claims is not evident from the settlement agreement. The parties now aver that a release of some scope was intended. Assuming,arguendo, that the settlement agreement did attempt to release the children's claims, this release was ineffective.
Parents may bind their children to some pre-injury exculpatory agreements. Zivich v. Mentor Soccer Club, Inc.
(1998) 82 Ohio St.3d 367, paragraph one of the syllabus. In contrast, parents ordinarily may not release existing claims of their minor children. Hewitt v. Smith (Dec. 16, 1998), Lorain App. No. 97CA006987, unreported, at 3. R.C. 2111.18 creates an exception to the general rule, providing that the guardian of a child may settle an existing claim and execute a release "with the advice, approval, and consent of the probate court" when the amount of a proposed settlement is greater than $10,000. When the proposed settlement amount is $10,000 or less, the probate court may authorize settlement without the appointment of a guardian. Id.
The distinction between pre- and post-injury claims is motivated in part by the reality that parents who release an existing claim may be motivated by financial needs and may, under the circumstances, act contrary to the best interests of the child. Zivich v. Mentor Soccer Club, Inc.,82 Ohio St.3d at 373. The safeguards of R.C. 2111.18 are designed to insure that any settlement or release of a child's claims is, in fact, in the best interests of the child. Consequently, only when a release "[is] done in [the child's] behalf, honestly, fairly, upon proper investigation and with the approval of the appropriate tribunal, shall [a release] be held as binding upon them as similar action[s] taken by adults." In re Guardianshipof Kelley (1961), 172 Ohio St. 177, 182-83, quoting Thompson v.Maxwell Land Grant Ry. Co. (1897), 168 U.S. 451, 466,42 L.Ed. 539, 545.
Ms. Brewer settled the wrongful death claim brought on behalf of Mr. Brewer's estate while acting as administratrix of the estate as authorized by R.C. 2125.02. This provision permits an action in the name of the representative of the decedent for the benefit of the beneficiaries of the estate. R.C.2125.02(A)(1). Compensatory damages may include loss of support, services, consortium, and prospective inheritance, as well as mental anguish incurred by a surviving spouse, minor children, parents, and next of kin. R.C. 2125.02(B). R.C.2125.02(C) authorizes the personal representative to settle the action with the consent of the probate court. R.C. 2125.03(A) provides for court oversight of the distribution of proceeds to beneficiaries by requiring the court to adjust the shares given to beneficiaries consistent with their degrees of consanguinity to the decedent. When appropriate, the court is authorized to create a trust for children of the decedent. Id.
In settling the claims on behalf of the estate and releasing all present and future claims, Ms. Brewer acted as administratrix of the estate. While the probate court approved the settlement and exercised oversight of the distribution of the proceeds, it did so in accordance with R.C. 2125.02 and 2125.03. Ms. Brewer was not appointed by the probate court to act as guardian of James, Marquel, and Tina. There is no indication that the settlement was reached and the release signed "with the advice, approval, and consent" of the probate court as contemplated by R.C. 2111.18. Consequently, the release could not be effective with respect to the children's claims
Appellant's assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 --------------------- LYNN C. SLABY FOR THE COURT
BAIRD, J., QUILLIN, J., CONCUR
[1] Appellants' brief did not articulate and separately argue assignments of error. See App.R. 16(A)(3) and (7).