MEMORANDUM DECISION AND JUDGMENT ENTRY.
Plaintiffs-appellants, Cathy S. Vaught and Philip R. Vaught, appeal the summary judgment granted by the Hamilton County Court of Common Pleas in favor of defendant-appellee, The Andrew Jergens Company ("Jergens"), in an action for a workplace intentional tort. For the following reasons, we affirm the judgment of the trial court.
In 1996, Cathy Vaught was employed by Jergens, working on a machine in the "liquifill" department. The machine filled bottles with liquid soap or lotion and then capped and shrink-wrapped them. On April 2, 1996, a number of bottles misfed into the capping mechanism, requiring the machine to be temporarily turned off.
As part of her job duties, Ms. Vaught reached into the capping mechanism to retrieve caps that had fallen onto and around the conveyor belt. While Ms. Vaught's hand was in the capping mechanism, a co-worker restarted the machine. Ms. Vaught sustained a severe injury to her right hand when it became entangled in the machinery.
The Vaughts filed suit against Jergens, alleging that the company had committed an intentional tort. Jergens filed a motion for summary judgment, and in August 1998, the trial court granted that motion. The instant appeal followed.
In their first assignment of error, the Vaughts argue that the trial court erred in granting Jergens's motion for summary judgment. We disagree.
Pursuant to Civ.R 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence viewed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] To prove an intentional tort committed by an employer against an employee, the employee must demonstrate the following: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous procedure or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under these circumstances, required the employee to continue to perform the dangerous task.[2]
In the case at bar, we need look no further than the second prong of the Fyffe test to conclude that the trial court correctly granted summary judgment in favor of Jergens. The Vaughts were able to adduce no evidence of Jergens's knowledge that harm to Ms. Vaught was substantially certain to occur as a result of the condition of the machine. The Vaughts assert that Jergens was aware that the machine lacked a lockout mechanism or similar device to prevent the operation of the machine while being cleaned or otherwise worked on. They further assert that the possibility of human error — on other words, the starting of the machine while it was being worked on — gave rise to the inference that Jergens knew that harm to an employee was substantially certain to result.
We are not persuaded by the Vaughts' argument. The case law defining "substantial certainty" has made it clear that something more than simple negligence or recklessness is required to render an employer liable for an intentional tort. The Fyffe court stated the following in regard to the level of culpability that must be demonstrated:
 To establish an intentional tort of the employer, proof beyond that required to prove negligence must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent.[3]
 Here, the Vaughts were unable to produce any evidence that the absence of a lockout device or similar mechanism had in the past resulted in an injury similar to the one sustained by Ms. Vaught. Similarly, they were unable to offer any evidence that Jergens's management had been made aware of the danger that the machine posed without such a device. They instead relied on the general assertion that human error was likely to cause such an injury in the absence of a mechanical safeguard.[4]
While such an observation may tend to demonstrate that Jergens was negligent or perhaps even reckless, the Vaughts' argument does not support their contention that Jergens was aware that harm was substantially certain to occur. In the absence of such evidence, the trial court was correct in granting summary judgment in favor of Jergens.
The Vaughts next argue that the trial court erred in relying on the provisions of R.C. 2745.01, a statute that has been held unconstitutional.[5] We find no error in the trial court's judgment. As the Vaughts concede, the trial court did not expressly rely on R.C. 2745.01 in its decision, but instead applied the standard formulated by the Supreme Court of Ohio inFyffe. Moreover, because this court has also applied the proper standard in its de novo review of the trial court's proceedings, we find no merit in the Vaughts' argument. Accordingly, the first assignment of error is overruled.
In their second and final assignment of error, the Vaughts argue that the trial court erred in striking portions of Ms. Vaught's affidavit in opposition to Jergens's motion for summary judgment. The portions of the affidavit that were stricken contained Ms. Vaught's statement that a lockout device would have prevented the injury to her hand, that the capper portion of the machine was a dangerous instrumentality, and that the machine in question presented an "obvious danger of serious injury." Jergens contends that the stricken portions were properly excluded pursuant to Evid.R. 701. We agree.
Evid.R. 701 permits opinion testimony by a witness who is not testifying as an expert[6] where the opinions are rationally based on the perception of the witness and are helpful to a clear understanding of a fact in issue. A trial court's decision concerning the admissibility of evidence pursuant to Evid.R. 701 will not be disturbed absent a showing that the court abused its discretion.[7]
In the case at bar, we find no abuse of discretion. The portions of the affidavit that were stricken largely constituted conclusory statements tracking the language of the Fyffe elements. The trial court could have therefore reasonably found that the testimony was not helpful.
Furthermore, to the extent that the stricken portions contained factual assertions that were not in the nature of opinion evidence, they merely restated the testimony contained in Ms. Vaught's deposition. Their exclusion in affidavit form cannot therefore be deemed prejudicial. The second assignment of error is overruled, and the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
 To the Clerk: Enter upon the Journal of the Court on May 7, 1999 per order of the Court _____________________________. Presiding Judge
[1] See State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[2] See Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115,570 N.E.2d 1108, paragraph one of the syllabus.
[3] Id., paragraph two of the syllabus, citing Van Fossen v.Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph six of the syllabus.
[4] The Vaughts also cite a section of the Ohio Administrative Code requiring lockout devices on certain machinery. However, there was no evidence presented to the trial court that the machine in the case at bar fell within the ambit of the cited code section. In any event, the existence of such a safety requirement would not have established knowledge on the part of Jergens that harm was substantially certain to have resulted under the circumstances of this case.
[5] See Johnson v. BP Chemicals, Inc. (1999), 85 Ohio St.3d 298,707 N.E.2d 1107. Portions of the statute had also been held unconstitutional by this court in Richey v. Johnson Hardin Co.
(July 17, 1998), Hamilton App. No. C-970767, unreported.
[6] It is not argued that Ms. Vaught was an expert as to the machinery or processes in question, and the record in fact reflects that she had only operated the machine in question for approximately one month prior to sustaining the injury.
[7] State ex rel. Newlin v. Downing (1989), 43 Ohio St.3d 109,113, 539 N.E.2d 140, 145.