DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant, Linda P. Morton, appeals from the Summit County Court of Common Pleas' orders that granted injunctive relief and attorney's fees in favor of the appellee-plaintiff, Hyde Park Condominium No. 3 Owners Association ("Hyde Park"). We reverse and remand.
Hyde Park consists of thirty-four units and was established in 1971. Hyde Park's bylaws as originally adopted provide that owners must seek approval and a waiver of the Association's first right to lease in order to lease units. Another provision in the bylaws permits amendments to the bylaws to be made by a vote of greater than seventy-five percent of the owners. A no-lease amendment was passed in 1979, and an enforcement amendment allowing for the recovery of attorney's fees by Hyde Park was passed in 1980.
Ms. Morton purchased her unit in 1979 and began to lease it in 1996. Hyde Park filed a complaint for a preliminary injunction and a permanent injunction to order Ms. Morton to stop leasing her condominium. Hyde Park also sought to recover attorney's fees. Both parties submitted motions for summary judgment. The trial court (1) accepted the motions and responses to the motions; (2) conducted a hearing that included the submission of evidentiary exhibits, direct and cross-examination of witnesses; and (3) accepted written closing arguments from the parties. The trial court granted summary judgment for the injunctive relief to Hyde Park. The trial court also awarded attorney's fees in the amount of $15,100.36 to Hyde Park.
Ms. Morton timely appealed and has raised three assignments of error.
ASSIGNMENT OF ERROR I
 The trial court erred by granting [Hyde Park's] motion for summary judgment when disputed facts exist (regarding the validity of condominium amendments) which were erroneously weighed or ignored by the trial court.
Ms. Morton argues that the trial court erred by granting summary judgment in favor of Hyde Park for injunctive relief because the no-lease and attorney's fees amendments were invalid and unreasonable. We agree with Ms. Morton with respect to the limited issue that the trial court went beyond the limits for assessing the evidence to support a summary judgment.
The First District Court of Appeals has concluded that summary judgment may not be the proper procedural device for a trial court to grant a permanent injunction. River TerraceCondominium Assn. v. Lewis (1986), 33 Ohio App.3d 52, 56-57. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589.
Parties may submit evidence as outlined in Civ.R. 56(C) to support motions and responses to motions for summary judgment. Civ.R. 56(C) refers to "depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact[.]" In assessing a motion for summary judgment, courts are restricted to considering the types of evidence specifically enumerated by Civ.R. 56(C). See Carrabine Constr. Co. v. Chrysler Realty Corp. (1986),25 Ohio St.3d 222, 225. Oral testimony presented at a hearing on the motion for summary judgment is not included within the terms of Civ.R. 56(C) and may not be considered by a court when deciding a motion for summary judgment. Carrabine Constr. Co.v. Chrysler Realty Corp., 25 Ohio St.3d at syllabus.
The trial court's entry relies upon evidence submitted at the hearing. Upon a review of the evidence filed with the summary judgment motions and the evidence submitted at the hearing, we cannot conclude that no genuine issues of material fact exist with respect to the validity of the condominium amendments and provisions without looking at the evidence submitted at the hearing. We conclude that the trial court erred in granting summary judgment for injunctive relief in favor of Hyde Park. Ms. Morton's first assignment of error is sustained.
ASSIGNMENT OF ERROR II
 The trial court erred by granting [Hyde Park's] motion for summary judgment when [Hyde Park] failed to establish by clear and convincing evidence that it was entitled to judgment as a matter of law under the Ohio Supreme Court's "Worthinglen test."
ASSIGNMENT OF ERROR III
 The trial court erred by awarding punitive attorney fees and bond requirements when fees were not awardable as a matter of law and evidence could not support the amount of the attorney's fees if awardable.
We need not address Ms. Morton's second and third assignments of error because they are rendered moot by our disposition of her first assignment of error. See App.R. 12(1)(c).
Ms. Morton's first assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P. J. CONCURS