[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
Plaintiff-appellant, Roland M. Heyne, Jr., appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendants-appellees, Village of Arlington Heights and Charles Huff. For the following reasons, we affirm the judgment of the trial court.
In October 1999, Heyne filed a complaint for declaratory judgment and for a writ of mandamus against Arlington Heights and Huff, its police chief (collectively, "Arlington Heights"). Heyne alleged that Arlington Heights had hired an auxiliary police officer, Kenneth J. Harper, in violation of its own regulations. Heyne contended that the village's 1993 regulations required an auxiliary police officer to be twenty-one years of age, whereas Harper was twenty years of age at the time of his appointment in 1999.
Arlington Heights responded that the 1993 regulations had been superseded by regulations promulgated in 1996. The 1996 regulations, which were submitted to the trial court, allowed for the appointment of an auxiliary officer at the age of eighteen. Heyne responded by submitting a report of the Ohio Auditor for the years 1996 and 1997. The report indicated, according to Heyne, that Arlington Heights had not adopted a policy and procedure manual for its police department.
In March 2000, the trial court granted summary judgment in favor of Arlington Heights. In his two assignments of error, Heyne argues that the trial court erred in granting summary judgment in favor of Arlington Heights and in denying his motion for summary judgment. We address the assignments together.
Pursuant to Civ.R. 56(C), summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence viewed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] To be entitled to a writ of mandamus, the relator must show a clear legal duty, a clear right to the performance of that duty, and the lack of an adequate remedy at law.[2]
In the case at bar, we find no error in the trial court's entry of summary judgment in favor of Arlington Heights, as Heyne failed to demonstrate that the appointment of Harper was improper. Arlington Heights submitted evidence that the 1993 regulations requiring an auxiliary officer to be twenty-one years of age had been superseded in 1996. In response, Heyne cited the state auditor's report for the proposition that the village had not adopted regulations with respect to the minimum age of an auxiliary officer. However, even were we to accept Heyne's proposition that Arlington Heights had not adopted such regulations,[3] we would then look to state law, which, it is conceded, permits persons eighteen years of age to be auxiliary officers.[4] The argument that the auditor's report required the trial court to follow the 1993 regulations is simply untenable in light of Heyne's contention that the auditor had found no regulations to have been promulgated. Heyne's assignments of error are therefore overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., PAINTER and SUNDERMANN, JJ.
[1] See State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[2] State ex rel. Fenley v. Kyger (1995), 72 Ohio St.3d 164,165, 648 N.E.2d 493, 494.
[3] We do note that such a proposition is dubious, given that the auditor's report addresses the finances of the village, and not the village's policies and procedures in general. Nonetheless, for the purposes of reviewing the summary judgment granted below, we accept Heyne's argument.
[4] See, generally, R.C. 737.15 and 737.16.