OPINION
{¶ 1} Plaintiff-appellant Richard Avery ("Avery") brings this appeal from the Court of Common Pleas of Seneca County's grant of summary judgment to defendants-appellees Manitowoc Nevada Group Toledo Ship Repair ("Toledo Ship") and Bureau of Workers' Compensation ("BWC").
 {¶ 2} In January of 2001, Avery was hired by Toledo Ship to work at its job site in Galion, Ohio. For the job, Avery would travel approximately 100 miles from his home in Oak Harbor to Galion, where he was working as the night shift foreman. Avery would then return home. Toledo Ship paid each of the union members $12.00 per day travel pay. On May 2, 2001, Avery was returning home from the job site when he was involved in an automobile accident. Avery suffered injuries to his right leg and ankle and his left arm.
 {¶ 3} On June 19, 2001, Avery filed a claim for workers' compensation benefits. The claim was denied by the Industrial Commission ("the Commission") because the hearing officer determined that the injury was not work related. On January 7, 2002, Avery filed an appeal of the Commission's decision claiming that his injury was work related. All of the parties filed motions for summary judgment. On February 27, 2003, the trial court denied Avery's motion for summary judgment and granted BWC's and Toledo Ship's motions for summary judgment. It is from this judgment that Avery appeals and raises the following assignment of error.
The trial court erred to the prejudice of [Avery] in overruling [Avery's] motion for summary judgment, and granting summary judgment in favor of [BWC and Toledo Ship], in that the trial court improperly concluded that characterization of [Avery] as a fixed-situs employee precludes [Avery's] claim for the right to participate in the State Insurance Fund for injuries sustained while traveling to or from a temporary job site on the premises of a customer of his employer.
 {¶ 4} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party."State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589,639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 5} The issues in this case are whether Avery is a fixed-situs employee and whether the injury occurred in the course of his employment.
The coming-and-going rule is a tool used to determine whether an injury suffered by an employee in a traffic accident occurs "in the course of" and "arise[s] out of" the employment relationship so as to constitute a compensable injury under R.C. 4123.01(c). "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between injury and the employment does not exist." * * * The rationale supporting the coming-and-going rule is that "[t]he constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered by the employe[e] in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally." * * *
In determining whether an employee is a fixed-situs employee and therefore within the coming-and-going rule, the focus is on whether the employee commences his substantial employment duties only after arriving at a specific and identifiable work place designated by his employer. * * *
The focus remains the same even though the employee may be reassigned to a different work place monthly, weekly, or even daily. Despite periodic relocation of job sites, each particular job site may constitute a fixed place of employment. * * *
* * *
While the coming-and-going rule works well in most of its applications, a claimant may avoid its force in the rare circumstance where he can, nevertheless, demonstrate that he received an injury in the course of and arising out of his employment. * * *
* * *
The phrase "in the course of employment" limits compensable injuries to those sustained by an employee while performing a required duty in the employer's service. * * * An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business.
* * *
We hold that a fixed-situs employee is entitled to workers' compensation benefits for injuries occurring while coming and going from or to his or her place of employment where the travel serves a function of the employer's business and creates a risk that is distinctive in nature from or quantitatively greater than risks common to the public.
Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, 119-126,689 N.E.2d 917.
 {¶ 6} In this case, Avery was hired by Toledo Ship through the union. Avery was informed before he took the job that the job site would be in Galion. Avery began his work when he arrived at the Galion site and no evidence was presented that Avery ever worked at any other job site while employed by Toledo Ship. Avery was not required to do any work from home. Thus, the undisputed evidence is that Avery was a fixed-situs employee and the coming-and-going rule applies.
 {¶ 7} In order to receive worker's compensation benefits as a fixed-situs employee, the evidence must show that the travel was for the benefit of Toledo Ship and was logically related to the furtherance of the business. Avery argues that the fact that he was paid a per diem travel expense shows that the travel was for the benefit of Toledo Ship. However, this benefit was given pursuant to the union contract.[1]
Avery knew that the job would require him to travel approximately 200 miles round trip every day before he accepted it. No evidence was presented that Toledo Ship asked Avery to drive this distance every day or that doing so exposed him to any greater risk than any other member of the general public on the highways. Thus, there is no evidence that the drive was for the benefit of Toledo Ship. Rather the evidence indicates that the travel was a conscious choice made by Avery when he accepted a job 100 miles away from his home. Therefore, the travel leading to the accident was not related to Avery's employment. As a result, Avery is not entitled to workers' compensation benefits.
 {¶ 8} The judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment affirmed.
WALTERS and CUPP, JJ., concur.
[1] The union contract called for a per diem travel expense of $6 per day. Toledo Ship agreed to raise that amount to $12 per day in order to attract better employees.