JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Nairb, Inc., appeals the trial court's entry of summary judgment for Super Food Services, Inc. ("SFS"). Because we conclude that Nairb's sole assignment of error is without merit, we affirm the judgment of the trial court.
On December 13, 1991, SFS entered into a fifteen-year lease agreement with BJ Development Company ("BJ"), which was the predecessor of third-party defendant New Plan Excel Realty Trust ("New Plan"). According to the agreement, SFS leased a space in a shopping center. The lease provided that SFS could not sublet the space without the prior written consent of BJ. On the same day of its lease and with the consent of BJ, SFS subleased the space to Nairb, so that Nairb could operate a grocery store there. The fifteen-year sublease required that Nairb pay rent to SFS, which would then pay the identical rent to New Plan. The sublease also provided that Nairb could not further sublet the space without the consent of SFS.
In July 2001, due to financial considerations, Nairb discontinued its operation of the grocery store. In a letter dated July 12, 2001, Nairb informed SFS that it was hiring a real estate broker so that it could sublet the space for the remainder of the lease. In October 2001, Dollar Tree Stores, Inc., approached Nairb's real estate broker with an offer to sublease a portion of the space from Nairb. Walter LaFary, the president of Nairb, acknowledged that had Dollar Tree subleased part of the space, Nairb would have remained responsible for the rent for the portion not subleased by Dollar Tree. Nairb sent letters to New Plan and SFS requesting approval of a sublease between Nairb and Dollar Tree. New Plan responded that any request for New Plan's approval had to come through SFS, because New Plan and Nairb were not in privity. Upon Nairb's request, SFS sought approval of the Dollar Tree sublease from New Plan. On January 17, 2002, New Plan refused to approve the sublease. In March 2002, Nairb stopped paying rent to SFS. Nairb continued to pay insurance for the space, and in December 2002, with the permission of SFS and New Plan, Nairb allowed the Salvation Army to conduct a gift-exchange program there.
SFS filed a complaint against Nairb seeking payment of the rent under the sublease. Nairb filed a third-party complaint against New Plan, alleging that its consent to the Dollar Tree sublease was unreasonably withheld. SFS and New Plan filed motions for summary judgment. The trial court overruled New Plan's motion and granted SFS's motion.[1]
In its sole assignment of error, Nairb claims that the trial court erred in granting SFS's motion for summary judgment. For the reasons that follow, we conclude that the assignment of error is not well taken.
Summary judgment is properly granted when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence viewed most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.[2]
In response to SFS's motion for summary judgment, Nairb argued that SFS had a duty to mitigate and that there was a genuine issue of material fact about the extent to which SFS tried to mitigate its damages. InFrenchtown Square Partnership v. Lemstone, Inc., the Ohio Supreme Court held that the duty to mitigate in residential leases extends to commercial leases.[3] The duty to mitigate arises when the lessee has abandoned the site.[4] In this case, reasonable minds could come to but one conclusion: that Nairb had not abandoned the space. Absent Nairb's abandonment of the space, the trial court properly concluded that SFS did not have a duty to mitigate. Nairb's assignment of error is overruled, and we therefore affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] The trial court's ruling with respect to New Plan is not at issue in this appeal.
[2] State ex rel. Howard v. Ferreri (1994), 70 Ohio St. 3d 587, 589,639 N.E.2d 1189.
[3] (2003), 99 Ohio St.3d 254, 791 N.E.2d 417, paragraph one of the syllabus.
[4] Id.