JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant Carol Conner appeals from the trial court's entry of summary judgment for defendant-appellee Atlantic Mutual Insurance Co.[1] We affirm the judgment of the trial court.
In December 2000, Carol and Jeffrey Conner were involved in a car accident that was caused by an underinsured motorist. In her affidavit, Carol stated that she was on her way home from work when the accident happened. At the time, she worked for Howard Systems International as a consultant. Howard Systems International had an insurance policy with Atlantic Mutual. The Conners filed a lawsuit seeking underinsured-motorist ("UIM") coverage under the Atlantic Mutual policy, based on Scott-Pontzer v. Liberty Mutual Fire Insurance Company.[2]
Atlantic Mutual moved for summary judgment, arguing that the law of New York or Connecticut controlled the lawsuit, that neither state recognized a Scott-Pontzer-type action, and that Carol had not been acting within the scope of her employment when the accident occurred. The trial court concluded that Carol was not within the scope of her employment and granted summary judgment to Atlantic Mutual.
In her sole assignment of error, Carol Conner now asserts that the trial court erred in granting summary judgment to Atlantic Mutual.
Summary judgment is properly granted when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence viewed most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.[3] This court reviews the granting of summary judgment de novo.[4]
In its memorandum of decision, the trial court did not address the choice-of-law issue. But because we conclude that it is dispositive of this appeal, we do so here. In Ohayon v. Safeco Insurance Co.,[5] the Ohio Supreme Court adopted the analysis in Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971), to determine the choice of law for actions involving underinsured-motorist coverage. If the choice-of-law decision is not specified in the insurance contract, the law that applies to the action is the law of the state with "the most significant relationship to the transaction and parties."[6] To determine which state has the most significant relationship, "courts should consider the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of business of the parties."[7]
It is clear in this case that the parties did not specify which state's law would apply to disputes, so we must determine which state had the most significant relationship. The insurance policy in question was negotiated in New York with a New York broker. Payments under the policy were sent from Connecticut to New York. Five vehicles were listed as covered autos in the policy. Three of the vehicles were garaged in Connecticut, and two were garaged in New York. The parties to the contract — Atlantic Mutual and Howard Systems — were incorporated in New York, and the principal place of business of Howard Systems is Connecticut. Although the accident occurred in Ohio and Howard Systems had one of its sixteen locations in Ohio, we conclude that the factors to be considered under Ohayon make clear that the law of either New York or Connecticut — not Ohio — controlled the interpretation of the policy. Whether New York or Connecticut had the most significant relationship need not be determined, as neither state has recognized aScott-Pontzer-type action. Summary judgment was properly granted in favor of Atlantic Mutual.
Our resolution of the choice-of-law question is dispositive of this case. Therefore, we do not address whether Carol was within the scope of her employment at the time of the accident. We overrule the sole assignment of error, and the judgment of the trial court is therefore affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] Plaintiff Jeffrey Conner has not appealed the trial court's entry of summary judgment with respect to his claims.
[2] 85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116.
[3] State ex rel. Howard v. Ferreri (1994), 70 Ohio St. 3d 587, 589, 639
N.E.2d 1189.
[4] Jorg v. Cincinnati Black United Front, 153 Ohio App.3d 258,2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6, jurisdictional motion overruled, 100 Ohio St.3d 1471, 2003-Ohio-5772, 798 N.E.2d 406.
[5] 91 Ohio St.3d 474, 2001-Ohio-100, 747 N.E.2d 206.
[6] Restatement at 575, Section 188(1).
[7] Ohayon, supra, at 477.