Judgment reversed<br>and cause remanded.

FARMER, P.J., and WISE, J., concur.

**LUDWIG, Appellant,**

v.

**FIFTH THIRD BANK, Appellee.**

[Cite as *Ludwig v. Fifth Third Bank,* 181 Ohio App.3d 275, 2009-Ohio-870.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080600.

Decided Feb. 27, 2009.

Terrence M. Garrigan, for appellant.

Dinsmore & Shohl L.L.P., Jeffrey P. Hinebaugh, and Robert M. Zimmerman, for appellee.

SYLVIA S. HENDON, Presiding Judge.

{¶ 1} Plaintiff-appellant Kenneth Ludwig appeals from the trial court's grant of summary judgment to defendant-appellee Fifth Third Bank on Ludwig's cause of action for conversion.

{¶ 2} For the following reasons, the judgment of the trial court is affirmed in part and reversed in part.

### Factual Background

{¶ 3} Ludwig had worked for Benefit Resources, an insurance agency that specialized in group benefits. While employed by Benefit Resources, Ludwig received commission checks for the business that he had generated. In 1997, Ludwig left Benefit Resources and began work with Smith–Feike–Minton, another insurance agency. While employed by Smith–Feike–Minton, Ludwig continued to receive commission checks from Benefit Resources.

{¶ 4} For a short time, Benefit Resources entered into a business relationship with Smith–Feike–Minton. But this relationship deteriorated, and litigation arose between the two agencies. While this litigation was pending, Ludwig received a commission check from Benefit Resources. Because of the ongoing litigation, Ludwig did not feel comfortable accepting the commission check at that time. He set up a meeting with Chuck Thornton, an independent contractor with Benefit Resources. Ludwig returned the commission check to Thornton and asked him to hold all future commission checks until the litigation between Benefit Resources and Smith–Feike–Minton was resolved.

{¶ 5} Thornton proceeded to deposit Ludwig's check into Thornton's account at Fifth Third Bank. Thornton further misappropriated eight additional commission checks intended for Ludwig by depositing them with Fifth Third. Ludwig had never received these latter eight checks and was made aware of them only when he received various tax documents.

{¶ 6} Upon discovering what had occurred, Ludwig filed this action for conversion against Fifth Third.

### Standard of Review

{¶ 7} This court reviews a grant of summary judgment de novo, without any deference to the trial court's decision.[1] Summary judgment is appropriately

---

1. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

granted when there exists no genuine issue of material fact, the movant is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to the nonmoving party.[2]

## Conversion

{¶ 8} The conversion of an instrument is proscribed by R.C. 1303.60, which provides that "[a]n instrument also is converted * * * if a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by the issuer or acceptor of the instrument or a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee."

{¶ 9} Because R.C. 1303.60 provides that an action for conversion cannot be maintained unless the payee or the payee's agent has received delivery of the instrument, we separate our discussion into two parts. We first determine whether summary judgment was appropriate for the eight checks that Ludwig had never directly received. We next discuss the grant of summary judgment for the check that Ludwig had received but had turned over to Thornton.

## Commission Checks not Received

{¶ 10} After Ludwig returned the initial check at issue to Thornton, Thornton deposited eight additional checks made payable to Ludwig into an account in Thornton's name at Fifth Third. It is undisputed that Ludwig never had possession of these checks. Consequently, because R.C. 1303.60 provides that a conversion action cannot be brought by a "payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee," Ludwig could not have maintained a cause of action for the conversion of these checks unless Thornton was his agent.

{¶ 11} This court has previously held that " '[t]he relationship of principal and agent * * * exists only when one party exercises the right of control over the actions of another.' "[3] It is clear from the record that Thornton was not Ludwig's agent. Ludwig stated specifically in his deposition that he had never authorized Thornton to receive checks on his behalf, that he had never authorized Thornton to sign his name on checks, and that he had never told a third party

---

2. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189.

3. *Eagle v. Owens*, 1st Dist. No. C–060446, 2007-Ohio-2662, 2007 WL 1574616, ¶ 27, quoting *Hanson v. Kynast* (1986), 24 Ohio St.3d 171, 24 OBR 403, 494 N.E.2d 1091, paragraph one of the syllabus.

that Thornton had the right to accept payment for him. Ludwig was explicit in his statements that he had not directed Thornton to receive checks on his behalf.

{¶ 12} Because Thornton was not Ludwig's agent, neither the payee nor an agent of the payee received possession of these latter eight checks, and no cause of action for conversion could have been maintained with respect to them. The trial court properly granted summary judgment to Fifth Third on the conversion claim with respect to these checks.

### Check Received and Returned

■ {¶ 13} Ludwig received the first commission check at issue in the mail and returned it to Chuck Thornton. Because he actually received the check, R.C. 1303.60 did not similarly bar his claim for the conversion of this check.

{¶ 14} But Fifth Third argues that under R.C. 1303.49, Ludwig's own negligence defeated his claim. R.C. 1303.49(A) provides that "[a] person whose failure to exercise ordinary care substantially contributes to an alteration of an instrument or to the making of a forged signature on an instrument is precluded from asserting the alteration or the forgery against a person who, in good faith, pays the instrument or takes it for value or for collection."

{¶ 15} R.C. 1303.49 is not applicable in this case. By its own language, the statute applies only when an instrument has been altered or an indorsement has been forged. But in this case, Thornton neither altered the check nor forged Ludwig's signature. Rather, he deposited the check without an indorsement.

■ {¶ 16} Our holding regarding the inapplicability of R.C. 1303.49 does not end our inquiry. The record indicates that Ludwig, perhaps carelessly, turned his commission check over to Thornton. It further indicates that Fifth Third accepted the check without an indorsement from a person that the check was not issued to.

{¶ 17} To put it simply, genuine issues of material fact exist regarding Ludwig's claim for conversion with respect to the first check. Summary judgment was not appropriate to this extent, and the trial court's judgment must be reversed with respect to the check for $9,391.37.

{¶ 18} Ludwig's assignment of error is sustained in part and overruled in part. This case is remanded for further proceedings on the merits of Ludwig's claim for conversion regarding the initial check that he had received but had then turned over to Thornton. The trial court's judgment is otherwise affirmed.

Judgment affirmed in part
and reversed in part,
and cause remanded.

HILDEBRANDT and DINKELACKER, JJ., concur.