DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Juddy and Wanda Bailey, appeal from a judgment of the Tuscarawas County Court of Common Pleas that denied the Baileys' motion for summary judgment, granted summary judgment to appellee, Daniel Mills, on his counterclaim for specific performance of a real estate contract, and dismissed the Baileys' claims, which were premised on allegations that no contract had been formed. This Court affirms the trial court's denial of the Baileys' motion for summary judgment, but reverses summary judgment on Mills's counterclaim and the dismissal of the Baileys' claims.
On April 4, 1997, the Baileys entered into a ninety-day agreement with Ken Shaffer, a local realtor, to list their 160-acre property for sale at $2,500 per acre. According to the tax map, the property was divided into five tracts. The Baileys indicated that they were willing to sell the property as a whole or in tracts. They instructed Shaffer, however, that if the property were to sell in tracts, they wanted the tracts with street access to sell last, to avoid landlocking Tract 5. On June 10, 1997, Mills expressed an interest in purchasing Tract 4, a tract consisting of approximately thirty-four acres and the tract with the most street frontage. Shaffer and Mills prepared an offer by Mills to enter into an option agreement for the purchase of Tract 4. After Shaffer and Mills made hand-written additions and modifications to a form REAL ESTATE PURCHASE AGREEMENT, Mills signed the form. Mills gave Shaffer a check for the option fee of $500. It is not disputed that, before either party signed the form, Shaffer wrote the price as "$185,000," but that figure was a clerical error. The figure that he should have entered was $85,000, the price for thirty-four acres at $2,500 per acre. At some point before both parties had signed, the price was changed to "TO BE DETERMINED." The facts are disputed as to when and by whom the change was made. Mills testified that he made the change, rather than correcting the $185,000 figure to $85,000, because he thought he would be able to get the property for less. Mr. Bailey testified, on the other hand, that he had made the change because he thought that Tract 4 was his most valuable tract and that it could sell for more than $2,500 per acre. Shaffer presented the agreement to the Baileys two days later, at which time Mr. Bailey indicated that an essential term had been omitted from the agreement. Specifically, the agreement did not indicate that the Baileys would sell Tract 4 only after Tracts 2, 3, and 5 had been sold. A handwritten provision to that effect was added to the form and the Baileys signed. Because Mills had signed before the agreement indicated that the sale of Tract 4 was contingent on the sale of Tracts 2, 3, and 5, Shaffer sent the modified form via facsimile to Mills. Shaffer received no verbal or written response from Mills addressing the contingency. By separate letters dated July 3, 1997, Mills notified Shaffer and his supervisor, Michael Schmidt, that he was "exercis[ing]" his "option to purchase" Tract 4 for $85,000. Shaffer received the letter on July 6, 1997. Because Shaffer did not believe that a contract had been formed, he did not inform the Baileys about this communication from Mills. Schmidt, who also believed that no contract had been formed, returned Mills's $500 check to him. On August 21, 1997, Mills filed an affidavit pursuant to R.C. 5301.252 with the office of the Tuscarawas County Recorder. Mills attested that he had an interest in Tract 4 due to his alleged purchase agreement with the Baileys, but that the Baileys had repudiated the agreement. According to the Baileys, the recording of the affidavit prevented them from selling their property to another potential buyer. Consequently, they filed this action, asserting several claims, each of which was premised on their allegation that Mills had no right to file the affidavit because he had not executed a contract to purchase Tract 4. Mills filed a counterclaim for specific performance of the alleged purchase contract. Each party moved for summary judgment on their respective claims, pointing to evidence before the trial court. The trial court granted Mills's motion for summary judgment, finding that the facts were undisputed that the parties had executed an agreement for the sale of Tract 4 for $85,000 on the condition that the Baileys first sell Tracts 2, 3, and 5. The trial court dismissed the remaining claims. The Baileys timely appeal, asserting two assignments of error.
 Assignment of Error I I. THE TRIAL COURT ERRED IN DENYING APPELLANT BAILEY'S MOTION FOR SUMMARY JUDGMENT AND IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF APPELLEE MILLS FOR THE REASON THAT A GENUINE DISPUTE EXISTS AS TO MATERIAL FACTS AND SUMMARY JUDGMENT IS NOT APPROPRIATE.
The Baileys' first assignment of error is that, because there were genuine issues of material fact, summary judgment for Mills was not appropriate but that summary judgment for them was. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. State ex. rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589. Doubts must be resolved in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686
— 687. Mills moved for summary judgment, asserting that the facts were undisputed that the parties had executed a written contract for Mills to purchase Tract 4 for $85,000, contingent on the sale of Tracts 2, 3, and 5. Mills pointed to the modified form agreement and his July 3 letter to Shaffer that purported to "exercise" the "option" to purchase Tract 4. The trial court agreed and granted summary judgment to Mills. Through their first assignment of error, the Baileys contend that summary judgment for Mills was improper because there were genuine issues of material fact that prevented summary judgment on his counterclaim. This Court agrees. The Baileys asserted that there was a dispute as to the following material facts: (1) whether they ever agreed to sell Tract 4 for $85,000, (2) whether their listing agreement with Shaffer had expired before he received Mills's letter purporting to exercise his option to purchase Tract 4, and (3) whether Mills ever accepted the contingency that he could purchase Tract 4 only after the Baileys had sold Tracts 2, 3, and 5. Although a review of the record does reveal that these material facts were in dispute, this Court will focus on the price issue because it alone is dispositive of the appeal. Although the parties dispute exactly how or why the price on the modified form read "TO BE DETERMINED," no one disputes that this was the price term on the form at the time it was signed by both parties. The omission of a price term was potentially fatal to this purported option contract. It is well settled that price is an essential term to a contract. Consequently, it must be definite and certain. Preston v. First Bank of Marietta (1983),16 Ohio App.3d 4, 6. If the price is not specified in the contract, it must be "easily ascertainable by reference to some extrinsic standard, e.g., a contract to buy stock at market price." Id., citing 1 Williston on Contracts (3 Ed. 1957) 153, Section 47. A purchase option contract is not valid unless a definite price is either stated in the agreement or is ascertainable from its express or implied provisions. Annotation, Requisite Definiteness of Price To Be Paid in the Event of Exercise of Option for Purchase of Property (1965), 2 A.L.R.3d 701, 702. The sole reference to price on the modified form was "TO BE DETERMINED." Mills asserted, however, that the price could be easily ascertained by reference to his July 3 letter and the fact that the Baileys had listed the property for sale at $2,500 per acre. Mr. Bailey testified, on the other hand, that he was willing to sell the entire 160 acres for $2,500 per acre but that he never agreed to sell Tract 4 alone at that price. Tract 4 had more street frontage than any of the other tracts and Mr. Bailey believed that it was the most valuable. Consequently, he thought that Tract 4 should sell for more than $2,500 per acre, particularly if he sold the other tracts first. Because there was a genuine issue of material fact as to whether the parties ever had a meeting of the minds on the price to be paid for Tract 4, the trial court erred in granting summary judgment to Mills on his counterclaim for specific performance. Insofar as the Baileys' assigned errors challenge summary judgment on the counterclaim, they are sustained. The Baileys' assigned errors also challenge the trial court's failure to grant them summary judgment on their claims. However, as the Baileys themselves argued, and this Court agreed, there were several facts in dispute that were material to determining whether the parties had entered into a contract for the purchase of Tract 4. Moreover, even if the Baileys had established that there was no contract between the parties, their claims against Mills did not merely seek a declaration that there was no valid contract. The Baileys' complaint raised several causes of action, including slander of title, intentional infliction of emotional distress, and negligent infliction of emotional distress. Each claim, although premised on the nonexistence of a contract, required proof of additional elements. The Baileys failed to even argue, much less demonstrate, that there were no genuine issues of material fact on every element of their claims. See Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 47 (absent an affirmative showing by the moving party that there is no genuine issue as to any material fact, summary judgment cannot be granted). Therefore, the trial court did not err in denying the Baileys' motion for summary judgment and that aspect of the Baileys' assigned errors is overruled.
 Assignment of Error II ASSUMING THAT THE MATERIAL FACTS ARE NOT IN DISPUTE, THE COURT ERRED AS A MATTER OF LAW IN OVERRULING THE MOTION FOR SUMMARY JUDGMENT OF APPELLANT BAILEY AND IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF APPELLEE MILLS.
The Bailey's second assignment of error will not be addressed because it has been rendered moot by this Court's disposition of their first assignment of error. See App.R. 12(A)(1)(c).
 III.
The Baileys' challenge to the denial of their motion for summary judgment is overruled and that aspect of the trial court's judgment is affirmed. The assignments of error are sustained only insofar as they challenge the trial court's entry of summary judgment for Mills. The judgment of the trial court granting summary judgment on the counterclaim and dismissing the Baileys' claims is reversed. The cause is remanded for proceedings not inconsistent with this opinion. Judgment affirmed in part, reversed in part, and the cause remanded. The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the County of Tuscarawas, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). Costs taxed equally to both parties. Exceptions.
 _______________ DONNA J. CARR
SLABY, P.J. WHITMORE, J. CONCUR
(Carr, J., Judge of the Ninth District Court of Appeals, sitting by assignment of The Ohio Supreme Court.)
(Slaby, J., Judge of the Ninth District Court of Appeals, sitting by assignment of The Ohio Supreme Court.)
(Whitmore, J., Judge of the Ninth District Court of Appeals, sitting by assignment of The Ohio Supreme Court.)