[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellants John M. Maupin, Jr., John M. Maupin, Sr., and Michelle Maupin appeal the trial court's grant of summary judgment in favor of appellee Timothy A. Hickey on their legal malpractice claim. In the proceedings below, the Maupins argued that Hickey had committed legal malpractice by advocating an erroneous self-defense standard.
Because summary judgment presents only questions of law, this court reviews a trial court's summary-judgment ruling de novo.[1] Summary judgment should be granted when, with the evidence construed in the light most favorable to the nonmovant, there is no genuine issue of material fact, the movant is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.[2] The elements necessary to establish legal malpractice are (1) a duty or obligation owed the plaintiff by the attorney, (2) a breach of that duty and failure to conform to the standard required by law, and (3) a causal connection between the challenged conduct and the resulting loss or damage.[3]
Hickey represented John M. Maupin, Jr., in a juvenile court proceeding in which Maupin contended that he had acted in self-defense when he struck another juvenile with his fist when threatened on his own property. Without determining to whom Hickey owed a duty, we conclude that summary judgment was properly entered because there was no genuine issue of material fact as to whether Hickey breached a duty to anyone.
While Hickey could have been clearer in the self-defense standard he advocated, the record demonstrates that it was the state that argued that John M. Maupin, Jr., had a duty to retreat. Hickey did not advocate that position. In his closing argument, he asked, "And what was he supposed to do? He's supposed to run into his house at this point?" Hickey also argued that John Maupin, Jr., had every right to defend himself on his property. In his trial memorandum, although Hickey discussed the duty to retreat, he concluded that the charge against John Maupin, Jr., should be dismissed because Maupin had used a reasonable amount of force in protecting his property and himself.
At most, the trial court, at the state's urging, applied the wrong self-defense standard, after it had made the decision to adjudicate John M. Maupin, Jr., delinquent.[4] This was a judicial error that was reversed by this court.[5] Having reviewed the evidentiary material before us, including the transcripts of the underlying adjudication proceedings and the Maupins' expert's deposition testimony and exhibits, we conclude that the trial court properly granted summary judgment on the Maupins' legal malpractice claim because there was no breach of duty, and, thus, Hickey was entitled to judgment as a matter of law.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Hildebrandt, JJ.
[1] See Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,506 N.E.2d 212.
[2] See State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[3] See Vahila v. Hall (1997), 77 Ohio St.3d 421, 422, 674 N.E.2d 1164,1165-1166, syllabus.
[4] See In re Maupin (Dec. 11, 1998), Hamilton App. No. C-980094, unreported.
[5] See id.