**ALUMINUM AND MAGNESIUM INCORPORATED, etc., Plaintiff-Appellee, v. S. L. GRUNDSTEIN & SONS, INC., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5497.   Decided June 1, 1956.

Watson, Davis & Joseph, R. P. Cunningham, Jr., Columbus, for plaintiff-appellee.

Sidney G. Kusworm, Sr., Dayton, Mitchell N. Nachman, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is a motion seeking an order dismissing the appeal on law and fact for the reason that the Court has no jurisdiction to entertain such

an appeal. The record reveals that the action was one for the recovery of money only and which was paid through error or mistake. Under §2501.02 R. C., as amended, effective October 4, 1955, the appeal may be had on law only. The motion will, therefore, be sustained but the appeal will be retained as one on law. It appears that counsel for the appellant has so treated the appeal since a bill of exceptions, assignments of error and brief have been filed. These will not be required to be re-filed as the notice of appeal specified that it was also on law. The appellee will be granted 15 days within which to file answer brief.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.

No. 5497.   Decided October 22, 1956.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment rendered by the Municipal Court of Columbus in favor of plaintiff in an action in which plaintiff sued to recover money paid to the defendant by mistake for scrap metal sold and delivered by the defendant to the plaintiff.

This Court, on motion of appellee, dismissed the law and fact appeal on the ground that the action was a civil action for the recovery of money only, and, therefore, a law and fact appeal did not lie. The action was not one cognizable in a court of equity, and being an action at law for the recovery of money, the Municipal Court had jurisdiction.

Although an action for money had and received based on a mistake is in its nature a substitute for a suit in equity, the action is based on an implied promise at law, and is a suit at law. The rules of evidence and burden of proof, applicable to a suit at law, apply. The fact that equitable defenses may be interposed does not convert the law action to one in equity. **Vol. 27, O. Jur., Section 1, page 145.**

The action was within the jurisdiction conferred on the Municipal Court of Columbus with respect to the amount claimed as provided in §1901.17 R. C. The action was properly brought within six years after the cause of action accrued. Ward v. Ward, 12 O. C. D. 59; §2305.07 R. C.

Plaintiff's exhibits one to five were admissible, as they were properly identified as part of the permanent records of plaintiff company. The exhibits were in the nature of original entries and made in the regular course of business at or near the time of the transaction, and identified by employees of the plaintiff company who made the entries, or under whose supervision they were made. **Schmitt v. Doehler Die Casting Co., 143 Oh St 421, 55 N. E. (2d) 644; §2317.40 R. C.** Any alterations found on the entries were subject to explanation and would not go to the competency but only to the weight to be given such evidence.

After the close of plaintiff's case the defendant was permitted to file an amended answer, consisting of a general denial and six defenses which were jurisdictional and equitable in character, to wit: no jurisdiction, stale claim, laches, quasi-estoppel, defendant's position has been financially and materially changed and defendant's credit was adversely affected. In chief, defendant attempted to introduce evidence to the effect that his credit was affected by the institution of the suit, and other evidence of similar import. The court sustained objections to this line of testimony. No proffer was made as to the testimony which would have been elicited from the witness had he been permitted to answer. Hence, this assignment of error is not well made.

The case was thoroughly tried by the court without the intervention of a jury. There was a definite conflict in the evidence. The trial court was the sole judge of the credibility of the witnesses. The evidence is of such a nature that the trial judge was required to believe certain witnesses and to disbelieve others. No one can read the record without being convinced that either the plaintiff's claim or the defendant's defense is wholly without foundation. Either the plaintiff is making a false claim, or the defendant is making a false defense, and doing it knowingly. However, it was the province of the lower court to determine the credibility of the witnesses. In resolving the issues in favor of plaintiff the trial judge points out the discrepancies in the evidence as presented by the defendant, and wherein such evidence was unworthy of belief. There is evidence of a substantial character which supports the judgment. We cannot say that the judgment is against the manifest weight of the evidence, or contrary to law. We find no assignment of error well made.

Judgment affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.