[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Eleanor Lachman appeals the judgment of the Hamilton County Municipal Court granting plaintiff-appellee Union Savings Bank's motion for summary judgment.[1] For the following reasons, we affirm the judgment below.
Lachman negotiated a commercial mortgage loan from Union Savings in the amount of $955,000 in order to purchase and renovate a building on Montgomery Road in Cincinnati, Ohio. At the closing, Lachman created an escrow account in the amount of $30,000 to pay for renovation costs. From September 1998 to December 1998, Union
Savings distributed $44,982.02 to Lachman, $14,982.02 more than it should have under the escrow agreement. Upon realizing its mistake, Union Savings requested the refund of the amount overpaidLachman voluntarily returned $4000, which left an amount of $10,982.02 due and owing.
Union Savings sued Lachman, demanding the return of the remaining balance that was overpaid. Both parties moved for summary judgment, and the trial court ruled in favor of Union Savings. Lachman now asserts, in a single assignment of error, that the trial court erred in granting summary judgment in favor of Union Savings.
Pursuant to Civ.R. 56(C), summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence viewed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[2] This court reviews the recordde novo to determine whether summary judgment is appropriate.
In support of her assignment of error, Lachman first asserts that the trial court did not have subject-matter jurisdiction over this dispute and thus erroneously entered summary judgment in favor of Union Savings. In its decision, the trial court noted that this action was "for money had and received" and that it had subject-matter jurisdiction under R.C.1901.18(A)(2). We agree.
 R.C. 1901.18, which sets forth the subject-matter jurisdiction of municipal courts, provides in part,
 [A] municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:
* * *
 In any action or proceeding at law for the recovery of money or personal property of which the court of common pleas has jurisdiction;
 Lachman maintains that this action seeking recovery of money mistakenly overpaid to her was essentially a claim for unjust enrichment, which is an action at equity and not an action at law, as required by R.C. 1901.18(A)(2)An action for "money had and received" is based on a theory of unjust enrichment and "lies when one receives money from another without valuable consideration given on the receiver's part."[3]
Although Lachman is correct in that "an action for money had and received based on a mistake is in its nature a substitute for a suit in equity, the action is [actually] based on an implied promise at law, and, [thus,] is a suit at law."[4]
As the record presented for our review reveals that Union Savings distributed an excess amount of money to Lachman by mistake and that Union Savings was simply seeking to recover that money, we are persuaded that this was an action at law and, thus, that the municipal court had subject-matter jurisdiction to hear the claim under R.C.1901.18(A)(2).[5]
Lachman next argues that the trial court erroneously relied on arguments of counsel in granting summary judgment in favor of Union Savings and not on appropriate evidentiary materials. We are unpersuaded.
Civ.R. 56 governs the granting of summary judgment. Civ.R. 56(C) sets forth the following evidentiary materials a court may consider: "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact."[6]
A review of the record indicates that the trial court did not rely on any arguments of counsel as the basis for its decision; instead, it properly relied on the assertions contained in Lachman's motion for summary judgment, a pleading, which indicated that there were no material facts in dispute. Lachman asserted in that pleading that the Escrow Agreement created an account containing $30,000, that Union Savings had mistakenly disbursed to her $44,982.02, an amount in excess of the escrow agreement, and that she had voluntarily made a payment of $4000 to Union Savings that was used to offset the overpayment. In her response to Union Savings's motion for summary judgment, we note, she did not submit any evidentiary materials contesting these facts or supporting her assertion that she was not liable for the excess amount.[7]
Based on the foregoing, we conclude that Union Savings was entitled to judgment as a matter of law. Accordingly, the trial court properly entered summary judgment in favor of Union Savings, and Lachman's assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Hildebrandt, JJ.
[1] In her appellate brief, Lachman argues that the trial court also erred in denying her motion for summary judgment. That issue is resolved by our review of the summary judgment entered in the bank's favor.
[2] See State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[3] See Hameroff/Milenthal/Spence, Inc. v. Grigg (Oct. 15, 1996), Franklin App. No. 96APE03-289, unreported, citing Hummel v. Hummel
(1938), 133 Ohio St. 520, 14 N.E.2d 923.
[4] Aluminum Magnesium, Inc. v. S.L. Grundstein Sons, Inc. (1956), 76 Ohio Law Abs. 556, 557, 148 N.E.2d 239, 241.
[5] See, also, Home Bank, F.S.B., v. Pauer (Feb. 19, 1998), Cuyahoga App. No. 72242, unreported (where the bank mistakenly transferred money into defendant's account, the Cleveland Municipal Court had subject-matter jurisdiction under R.C. 1901.18(A)(2) to hear an action for recovery of that money).
[6] Civ.R. 56(C); See Dresher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264.
[7] See Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,111, 570 N.E.2d 1095, 1099.