DECISION
{¶ 1} Plaintiff-appellant, Anita A. Hughes, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendantsappellees, Bethesda Hospital, Inc., Susan G. Weinberg, M.D., and Northeast Radiology, Inc., ("Northeast") in a medical-malpractice action.
 {¶ 2} This case involves the alleged failure of a physician to diagnose or to report a spinal-cord compression. In 2002, Hughes went to the emergency room of Bethesda North Hospital complaining of neck and back pain and numbness in her limbs. The emergencyroom physician, Dr. Edmond A. Hooker, ordered a magnetic resonance imaging (MRI) examination.
 {¶ 3} Dr. Weinberg, who was employed by Northeast, interpreted the results of the MRI. After Dr. Weinberg had interpreted the MRI, the hospital discharged Hughes. Hughes later filed suit, claiming that Dr. Weinberg had negligently failed to diagnose the spinal compression or to report the compression to the emergency-room personnel. Dr. Hooker was also named in the suit, but the claims against him were voluntarily dismissed.
 {¶ 4} In her deposition, Dr. Weinberg stated that she could not recall interpreting the results, but she testified that the written notes concerning the MRI were hers and that the MRI did indicate spinal-cord compression. She further stated that if she had detected the compression when reading the MRI, she would have told Dr. Hooker about the abnormality, but she did not specifically remember that she had done so.
 {¶ 5} Dr. Hooker testified that he recalled discussing the matter with Dr. Weinberg but did not recall that she had diagnosed spinal-cord compression. And at the time of treatment, Dr. Hooker had dictated a note stating that Dr. Weinberg had informed him that there was no compression.
 {¶ 6} The trial court granted summary judgment in favor of Bethesda, Dr. Weinberg, and Northeast. Hughes then filed a Civ.R. 60(B) motion for relief from judgment, which the court denied.
 {¶ 7} In her first assignment of error, Hughes now argues that the trial court erred in granting summary judgment in favor of Dr. Weinberg and Northeast and in denying the motion for relief from the summary judgment. For the following reasons, we find no merit in the assignment.
 {¶ 8} Pursuant to Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1]
The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2] This court reviews the granting of summary judgment de novo.[3]
 {¶ 9} To establish medical malpractice, the plaintiff must demonstrate that injury was caused by the doing of some particular thing that a physician of ordinary skill, care and diligence would not have done under the circumstances or by the failure to do some thing that such a physician would have done under the circumstances, and that the injury complained of was the direct and proximate result of the act or omission.[4] In general, the plaintiff must demonstrate a breach of the applicable standard of care and proximate causation through expert testimony.[5]
 {¶ 10} In the case at bar, the movants produced evidence that Dr. Weinberg had not deviated from the applicable standard of care and that her actions had not proximately caused any injury to Hughes. In response, Hughes submitted no affidavit, deposition, or other evidentiary material containing an expert opinion about the applicable standard of care.
 {¶ 11} In explaining her failure to submit evidentiary materials in opposing summary judgment, Hughes argues that, in the summary-judgment proceedings, the parties and the court had assumed that any failure on the part of Dr. Weinberg to inform Dr. Hooker of the spinal compression would have been a deviation from the applicable standard of care. She further argues that her proffer of an expert opinion stating that the failure to report the compression would have been such a deviation was sufficient to withstand the summary-judgment motion. Therefore, she argues that her failure to produce affidavits or other materials in opposition to the summary-judgment motion was not fatal to her case.
 {¶ 12} We accept, for the sake of discussion, Hughes's argument concerning the applicable standard of care. Nonetheless, we find no error in the trial court's judgment, because Hughes offered no competent evidence concerning proximate causation.
 {¶ 13} Dr. Hooker stated that, had he been informed of the compression, he would have referred Hughes to a neurosurgeon, but he specifically stated that he did not have the expertise to determine if the condition had required immediate evaluation or treatment. And there was no indication elsewhere in the record that any delay in the treatment of the condition had resulted in greater physical damage to the spine, additional pain and suffering, or any other type of damages.[6] Absent such evidence, summary judgment was properly granted in favor of Bethesda, Dr. Weinberg, and Northeast.
 {¶ 14} Hughes next argues that the trial court erred in denying her motion for relief from judgment. She suggests that the affidavits filed in support of the Civ.R. 60(B) motion established genuine issues of material fact.
 {¶ 15} To prevail on a Civ.R. 60(B), motion, the moving party must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than a year after the judgment from which relief is sought.[7] A trial court's ruling on a Civ.R. 60(B) motion will not be disturbed absent an abuse of discretion.[8]
 {¶ 16} We find no abuse of discretion in the trial court's decision. As this court has stated, a Civ.R. 60(B) motion cannot generally be used to cure the deficiencies of a response to a motion for summary judgment.[9] Here, Hughes failed to demonstrate that the inadequacies of her response to the summary-judgment motion had constituted excusable neglect or that there were any other grounds for relief from judgment. The first assignment of error is accordingly overruled.
 {¶ 17} In her second and final assignment of error, Hughes argues that the trial court erred in granting summary judgment in favor of Bethesda. Because the claims against Bethesda rested upon a theory of vicarious liability due to the hospital's alleged relationship with Dr. Weinberg, our ruling with respect to the first assignment of error is also dispositive of the second. Both Dr. Weinberg and Bethesda were entitled to summary judgment, the second assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Doan, P.J., and Gorman, J., concur.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[3] Jorg v. Cincinnati Black United Front, 153 Ohio App.3d 258,2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6, jurisdictional motion overruled, 100 Ohio St.3d 1471, 2003-Ohio-5772, 798 N.E.2d 406.
[4] Bruni v. Tatsumi (1978), 46 Ohio St.2d 127, 346 N.E.2d 673, paragraph one of the syllabus.
[5] Id. at 131-132, 346 N.E.2d 673; Hatfield v. Goebel (Sept. 11, 1998), 1st Dist. Nos. C-970819 and C-970940.
[6] Compare Burris v. Lerner (2000), 139 Ohio App.3d 664, 675-676,745 N.E.2d 466 (summary judgment improper where plaintiff had offered expert opinion that receipt of test results would have required "immediate evaluation" of the condition).
[7] GTE Automatic Electric, Inc., v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. We acknowledge the argument that the entry granting summary judgment was not a final appealable order due to other pending claims and that Hughes's Civ.R. 60(B) motion was therefore premature. Nonetheless, we choose to address Hughes's argument concerning the motion on its merits.
[8] Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.
[9] Hatfield, supra.