OPINION *Page 2 
{¶ 1} Plaintiff-Appellant Gail Frank appeals the January 8, 2007, and January 12, 2007, decisions of the Muskingum County Court of Common Pleas granting Defendant-Appellee's Motion for Summary Judgment and dismissing Plaintiff-Appellant's claims.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On April 1, 2005 Appellant Gail Frank filed a Complaint in Muskingum County Court, Case No. CVF0500232, alleging Appellee Mark Manbevers breached his contract with Appellant Frank as a result of his failure to restore a vintage automobile, to wit: a 1964 Thunderbird, owned by Appellant.
 {¶ 3} On April 18, 2005, Appellee Manbevers filed an Answer and Counterclaim, which in part, denied the existence of any contractual agreement to restore Appellant's automobile.
 {¶ 4} On September 19, 2005, Appellee moved for Summary Judgment against Appellant.
 {¶ 5} On October 12, 2005, Appellant filed his Memorandum Contra Defendant-Appellee's Motion for Summary Judgment.
 {¶ 6} On October 24, 1005, subsequent to the filing of Appellee's Motion, Appellant moved to amend his Complaint to plead equitable causes of action for unjust enrichment, specific performance and promissory estoppel.
 {¶ 7} By Entry filed October 27, 2005, the trial court denied Plaintiff's Motion to Amend his Complaint. *Page 3 
 {¶ 8} On November 22, 2005, the County Court granted Defendant's Motion for Summary Judgment and specifically found "there are no genuine issues of material fact and that as a matter of law Defendant Mark Manbevers is entitled to Summary Judgment against the claim asserted against him by Plaintiff".
 {¶ 9} Appellant did not appeal this decision.
 {¶ 10} On March 2, 2006, Appellant filed an identical lawsuit in the Muskingum County Common Pleas Court, Case No. CH2006-0129, asserting causes of action for breach of contract, unjust enrichment/quantum meruit, specific performance and promissory estoppel.
 {¶ 11} On March 15, 2006, Appellee filed an Answer and Counterclaim.
 {¶ 12} On March 16, 2006, Appellant filed a Reply to Appellee's Counterclaim.
 {¶ 13} On September 21, 2006, Appellee filed a Motion for Summary Judgment against Appellant claiming, in part, that Appellant's claims were barred by the doctrine of res judicata and/or collateral estoppel and attached a certified copy of the County Court's file.
 {¶ 14} On October 25, 2006, Appellant filed a Memorandum Contra to the summary judgment motion.
 {¶ 15} On January 8, 2007, the trial court granted Appellee's Motion for Summary Judgment holding that Appellant's claims had been previously adjudicated and thus, he was barred from filing the instant case.
 {¶ 16} The Court entered final judgment on January 12, 2007.
 {¶ 17} Appellant timely appealed, assigning the following error for review: *Page 4 
 ASSIGNMENT OF ERROR {¶ 18} "THE TRIAL COURT COMMITTED PREJUDICAL [SIC] ERROR BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF RES JUDICATA/COLLATERAL ESTOPPEL AS TO APPELLANT'S EQUITABLE CAUSES OF ACTION FOR QUANTUM MERUIT/UNJUST ENRICHMENT, SPECIFIC PERFORMANCE AND PROMISSORY ESTOPPEL WHEN SUCH CLAIMS HAD NOT BEEN DECIDED BY THE MUSKINGUM COUNTY COURT IN THE PREVIOUSLY FILED CASE."
 I. {¶ 19} In his sole assignment of error, Appellant challenges the trial court's decision granting Appellee's summary judgment and dismissing his claims.
 "Summary Judgment Standard" {¶ 20} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:
 {¶ 21} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the *Page 5 
party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 22} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107.
 {¶ 23} It is based upon this standard that we review Appellant's assignment of error.
 {¶ 24} In its January 12, 2006, Judgment Entry granting Appellee's Motion for Summary Judgment, the trial court held:
 {¶ 25} "The Court FINDS that Plaintiff filed this same lawsuit in Muskingum County Court Case No. CVF 0500232 asserting the same claims and causes of action against Defendant Mark Manbevers. Plaintiff's attempt to raise additional claims in that lawsuit was denied and the Court ruled in favor of Defendant Mark Manbevers, dismissing all of Plaintiffs claims in response to Manbevers' Motion for Summary Judgment. *Page 6 
 {¶ 26} "The Court FINDS that a valid judgment rendered on the merits bars all subsequent actions based upon any claim arising out of the transaction which was the subject matter of the previous action and thus Plaintiff's claims are in the case at bar hereby barred by the principal of res judicata, Grava v. Parkman Twp. (1995), 73 Ohio St. 3d 379. Therefore, Defendant Mark Manbevers is entitled to summary judgment against the claims raised by Plaintiff."
 {¶ 27} Appellant, in his brief, argues that the doctrines of res judicata and/or collateral estoppel do not bar the second filing in the case sub judice because "not all issues involving the parties were previously litigated in the former action in Muskingum County Court." (Appellant's brief at 16).
 {¶ 28} The doctrine of res judicata has two aspects: claim preclusion and issue preclusion. Grava v. Parkman Twp., 73 Ohio St.3d 379, 380,1995-Ohio-331. As to the claim preclusion aspect, this doctrine provides that an existing, final judgment between the parties to litigation bars all claims which were litigated or could have been litigated in that lawsuit from being re-litigated in a later action. Grava, supra, at 381.
 {¶ 29} "[T]he doctrine of collateral estoppel provides that an issue or a fact that was fairly, fully, and necessarily litigated and determined in a prior action may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. Collateral estoppel applies when (1) the fact or issue was actually and directly litigated in the prior action, (2) the fact or issue was passed upon and determined by a court of competent jurisdiction, and (3) the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." (Citation omitted.) Nye v. Ohio Bd. ofExaminers *Page 7 of Architects (10th Dist.), 165 Ohio App.3d 502, 2006-Ohio-948,847 N.E.2d 46, at ¶ 13. To the same effect is Glidden Co. v. Lumbermens Mut.Cas. Co., 112 Ohio St.3d 470, 2006-Ohio-6553, 861 N.E.2d 109, ¶ 44.
 {¶ 30} It has been further held that once a competent tribunal enters a valid, final judgment on the merits, res judicata bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v.Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. The doctrine of res judicata not only applies to those claims and defenses actually litigated in the first dispute, but is conclusive as to any claim that may have been properly adjudicated. Robinson v. AT T Network Systems, 10th Dist. No. 02-AP807, 2003-Ohio-1513 at ¶ 14 citing Grava, 73 Ohio St.3d at 382. "[R]es judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Grava, 73 Ohio St.3d at 382 quoting Natl.Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62,558 N.E.2d 1178.
 {¶ 31} Upon review of the record, we find that the Complaint filed in the Common Pleas Court and the Complaint filed in the County Court both involve the same two parties and the same transaction or occurrence. We further find that the Muskingum County Court was a competent tribunal which entered a valid, final judgment on the merits in this case and that Appellant did not appeal said final judgment. We further find that Appellant could have raised, and in fact attempted to raise, be it too late, the issues of breach of contract, unjust enrichment/quantum meruit, specific performance and promissory estoppel in the first action. *Page 8 
 {¶ 32} We therefore find that Appellant was barred from filing the second Complaint in the Muskingum County Court of Common based on the doctrine of res judicata and the trial court did not err in granting Appellee's Motion for Summary Judgment and dismissing Appellant's claims based on same.
 {¶ 33} Appellant's sole assignment of error is overruled.
 {¶ 34} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.
 Wise, J., Gwin, P. J., and Farmer, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1