OPINION
{¶ 1} Plaintiff-appellant Nicholas J. Kinstle ("Kinstle") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment to defendant-appellee the Allen County Clerk of Courts ("the Clerk"). This court sua sponte consolidated this case with appellate case number 1-07-03 for the purposes of briefing and oral argument. However, we choose to issue separate opinions.
 {¶ 2} On June 8, 2005, Kinstle filed a complaint against various defendants and was assigned case number CV-2005-0543. One of the defendants *Page 3 
in this case was Northwest Ohio Towing and Recovery, Inc. ("NOTR"). On April 5, 2006, the trial court granted summary judgment in favor of NOTR. The appeal of that judgment was dismissed by this court on August 8, 2006, making that judgment final. Kinstle then filed a complaint on September 24, 2006, against the Clerk in case number CV-2006-0938. On October 20, 2006, case number CV-2006-0938 was consolidated into case number CV-2005-0543. The Clerk filed her answer and a motion for summary judgment on November 28, 2006. The trial court granted the Clerk's motion for summary judgment on December 18, 2006. Kinstle then filed a notice of appeal from this judgment and raises the following assignment of error.
 A clerk of courts office does not use "reasonable diligence" within the meaning of [R.C. 4505.06] when it processes transfers of title for which seriously incomplete or misleading information has been provided.
 {¶ 3} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issues as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse *Page 4 
to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo.Franks, supra.
 {¶ 4} In the sole assignment of error in this case, Kinstle claims that the trial court erred in finding that the Clerk exercised "reasonable diligence" in processing the title transfers. Kinstle claims that the Clerk is liable for a violation of R.C. 4505.06, which states in pertinent part as follows.
 (A)(3) * * * The clerk shall use reasonable diligence in ascertaining whether or not the facts in the application for a certificate of title are true by checking the application and documents accompanying it * * *. If the clerk is satisfied that the applicant is the owner of the motor vehicle and that the application is in the proper form, the clerk, within five business days after the application is filed, shall issue a physical certificate of title over the clerk's signature and sealed with the clerk's seal unless the applicant specifically requests the clerk not to issue a physical certificate of title and instead to issue an electronic certificate of title.
R.C. 4505.06. This court notes that the issue as to whether NOTR was a good-faith purchaser for value and a buyer in the ordinary course of business of the vehicle, which had the title at issue, was previously decided by the trial court. Judgment, April 5, 2006. The Clerk claims that the trial court's previous judgment precludes Kinstle from now obtaining a judgment against her because of the doctrine of res judicata. The trial court determined that based upon its prior findings regarding NOTR being a good-faith purchaser for value and a buyer in *Page 5 
the ordinary course of business, that the issue regarding the title was res judicata. However, no determination was made regarding whether the Clerk was negligent in effecting the transfer. The determination of one issue, i.e. ownership of the property, does not automatically determine the other, i.e. whether the Clerk violated R.C. 4505.06.
 {¶ 5} The doctrine of res judicata has been defined as a valid, final judgment rendered upon the merits which "bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. ParkmanTwp. (1996), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.
 The doctrine of res judicata has two aspects: claim preclusion and issue preclusion. Grava v. Parkman Twp., 73 Ohio St.3d 379, 380, 1995-Ohio-331. As to the claim preclusion aspect, this doctrine provides that an existing, final judgment between the parties to litigation bars all claims which were litigated or could have been litigated in that lawsuit from being re-litigated in a later action. Grava, supra, at 381.
 {¶ 29} "[T]he doctrine of collateral estoppel [or issue preclusion] provides that an issue or a fact that was fairly, fully, and necessarily litigated and determined in a prior action may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. Collateral estoppel applies when (1) the fact or issue was actually and directly litigated in the prior action, (2) the fact or issue was passed upon and determined by a court of competent jurisdiction, and (3) the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." (Citation omitted.) *Page 6 
Frank v. Manbevers, 5th Dist. No. CT2 — 7-0007,2007-Ohio-5465, ¶ 28-29. "As a general rule, in order for the principle of res judicata to be applicable, the parties to the subsequent action must be identical to those of the former action or be in privity with them." Johnson's Island, Inc. v. Board of Tp. Trustees of DanburyTp. (1982), 69 Ohio St.2d 241, 244, 431 N.E.2d 72.
 {¶ 6} In this case, the Clerk was not a party to the case in which summary judgment was granted to NOTR. At the time the judgment was granted in the prior case, no case had been filed against the Clerk. Additionally, there is no evidence or even a claim that the interests of NOTR and the Clerk are so similar that privity could be found. NOTR's interest was in being named the owner of the equipment. The Clerk is being sued for negligence, which issue has not yet been determined. Since the parties are different and the claims at issue are different, the doctrine of res judicata cannot be applied.[1] The assignment of error is sustained.
 {¶ 7} The judgment of the Court of Common Pleas of Allen County is reversed and the matter is remanded for further proceedings.
Judgment reversed and cause remanded.
 ROGERS, P.J., and PRESTON, J., concur. r
[1] Although this court notes, as did Kinstle, that there may be issues of governmental immunity, those issues were not raised before the trial court and are thus not before this court. *Page 1