[Cite as *State ex rel. Harrison v. Hubbard*, 2013-Ohio-2443.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO EX REL. CITY OF HARRISON, | : | APPEAL NO. C-120762 TRIAL NO. A-1202927 |
| | : | |
| Relator-Appellant, | | |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| THEODORE B. HUBBARD, HAMILTON COUNTY ENGINEER, | : | |
| | : | |
| Respondent-Appellee. | : | |
| | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 14, 2013

*Schroeder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere* and *Michael E. Maundrell,* for Relator-Appellant,

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, *Roger Friedmann* and *David T. Stevenson,* Assistant Hamilton County Prosecuting Attorneys, for Respondent-Appellee.

Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1}    Relator-appellant city of Harrison appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of respondent-appellee Theodore B. Hubbard, Hamilton County Engineer ("the Engineer"), in a mandamus action.

### Harrison's Water-Service Plans

{¶2}    In 2009, Harrison formulated plans to extend its water system into unincorporated portions of Crosby Township in western Hamilton County.   It pursued these plans even though water services in the area in question had long been provided, under contract, by the city of Cincinnati.

{¶3}    Harrison submitted its proposed plans to the Engineer in 2011 in conjunction with a request for a permit to excavate county roads to complete the extension of water services.  After reviewing the proposed plans, the Engineer did not explicitly approve or deny Harrison's application for the permit.

{¶4}    In 2012, Harrison filed a petition for a writ of mandamus to compel the Engineer to issue the excavation permit.   Harrison contended that it had complied with the conditions set forth in the Engineer's rules and regulations and that the Engineer therefore had a clear legal duty to issue the permit.   The Engineer filed a motion for summary judgment, and the trial court granted the motion.

### Summary Judgment and Mandamus

{¶5}    In a single assignment of error, Harrison argues that the trial court erred in entering summary judgment in favor of the Engineer.  Because we hold that Harrison had adequate remedies at law, we affirm the judgment of the trial court.

{¶6}    Under Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party. *See State ex rel. Howard v. Ferreri,* 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994). This court reviews a ruling on summary judgment de novo. *Jorg v. Cincinnati Black United Front,* 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781 (1st Dist.).

{¶7}    To be entitled to a writ of mandamus, the relator must show (1) that it has a clear legal right to the requested relief, (2) that the respondent has a clear legal duty to perform the act, and (3) that the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle,* 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983).

{¶8}    In addressing the third element, Harrison argues that it had no adequate remedy at law to challenge the failure or refusal of the Engineer to issue the requested permit. Specifically, Harrison argues that there was no provision in the Engineer's regulations for an appeal or other administrative remedy.

{¶9}    We find no merit in this argument. R.C. 2506.01 provides that, with certain exceptions, "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *." In a context similar to the case at bar, the Supreme Court of Ohio held that "[t]he proper procedure to test an official's refusal to issue a building permit is by way of

3

appeal to the court of common pleas after all administrative remedies of appeal, if any, are exhausted." *The Chapel v. Solon,* 40 Ohio St.3d 3, 4, 530 N.E.2d 1321 (1988). *See State ex rel. 506 Phelps Holdings, LLC v. Cincinnati Union Bethel,* 1st Dist. Nos. C-120461, C-120462, and C-120474, 2013-Ohio-388.

{¶10}   In the alternative, a declaratory-judgment action was an available means of determining the respective rights of the parties. *See, e.g., State ex rel. Eliza Jennings, Inc. v. Noble,* 49 Ohio St.3d 71, 73, 551 N.E.2d 128 (1990) (writ of mandamus to issue sewer "tap-in" permits was improper where a declaratory-judgment action was available); *Bd. Of Cty. Commrs. v. Marblehead,* 86 Ohio St.3d 43, 711 N.E.2d 663 (1999)(declaratory-judgment action filed to determine village's right to provide water service to residents of annexed county land).   The writ of mandamus sought by Harrison was not available in this case because Harrison had adequate remedies at law.   We overrule the assignment of error.

### Conclusion

{¶11}   We affirm the judgment of the trial court.

Judgment affirmed.

**HENDON, P.J.,** and **FISCHER, J.,** concur.

Please note:
The court has recorded its own entry this date.

4